**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JASON COBB,

    Plaintiff,

v.

JPMORGAN CHASE, et al.,

    Defendants.

                                   /

No. C 13-01955 JSW

**ORDER CONTINUING AUGUST 9, 2013 HEARING AND ORDERING SUPPLEMENTAL BRIEFING ON RICO INJURY**

        This matter is set hearing on a number of motions on August 9, 2013. The Court has reviewed and considered the motions, and it finds that supplemental briefing on the issue of RICO injury is warranted. Accordingly, the Court CONTINUES the hearing set for August 9, 2013 to October 11, 2013 at 9:00 a.m. in Courtroom 11, so that the Court may hear these motions in conjunction with the motion to dismiss filed by Stanford Hospital and Clinics, which raises similar issues.

        In order to state a Civil RICO claim, Plaintiff Jason Cobb ("Cobb") must allege facts showin, *inter alia*, injury to his "'business or property.'" *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (quoting *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir.1996), in turn citing 18 U.S.C. §§ 1964(c), 1962(c)). This requires the Court to examine the allegations of Cobb's complaint to determine if he has alleged a "harm to a specific business or property interest - a categorical inquiry typically determined by reference to state law." *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005); *see also Newcal Industries, Inc. v. Ikon Office Solution,* 513 F.3d 1038, 1055 (9th Cir. 2008) ("injury is compensable under RICO if the

injury constitutes 'harm to a specific business or property interest' and if the alleged business or property interest is cognizable under state law"). Cobb also must show "some tangible financial loss" connected with the harm to his business or property interest. *Diaz*, 420 F.3d at 900; *see also Canyon County v. Sygenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008).

In order to show that he has alleged RICO injury, Cobb makes reference to a number of cases, including an unidentified civil case in state court. Courts have concluded that a cause of action is a species of property. *See, e.g., Malley-Duff & Associates, Inc. v. Crown Ins. Co.*, 792 F.2d 341, 354 (3rd Cir. 1986); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982) ("[A] cause of action is a species of property protected by the Fourteenth Amendment Due Process Clause."); *Parker v. Walker*, 5 Cal. App. 4th 1173, 1182-83 (1992) (citing, *inter alia*, Cal. Civ. Code §§ 663, 953) (cause of action to recover money damages is a form of property under California law).

However, it is not clear to the Court that Cobb has set forth sufficient facts to support RICO injury on this theory, and it requests supplemental briefing on this issue from Cobb and the Defendants who have been named in the RICO and RICO Conspiracy claims for relief. The Court notes that the Ninth Circuit has not yet held that incurring legal fees can give rise to RICO injury. *See, e.g., Thomas v. Baca*, 308 Fed. Appx. 87, 88 (9th Cir. 2009). In addition, although some courts have concluded that incurring legal fees could establish RICO injury, those courts have done so where a plaintiff incurred fees in prior litigation and the fees were proximately caused by conduct that would qualify as a RICO predicate act. *See, e.g., Burger v. Kuimelis*, 325 F. Supp. 2d 1026, 1035-36 (N.D. Cal. 2004) (citing cases).

In contrast, courts have not been willing to find RICO injury where the fees were incurred to pursue a RICO claim. *See, e.g. Walter v. Palisades Collection LLC*, 480 F. Supp. 2d 797, 805 (E.D. Pa. 2007); *Menjivar v. Trophy Properties IV DE, LLC*, 2006 WL 2884396, at 11-12 (N.D. Cal. Oct. 10, 2006). Those courts have reasoned that the "RICO injury requirement would be a nullity if paying an attorney to initiate the RICO action itself sufficed as damages." *Walter*, 480 F. Supp. 2d at 805; *see also Menjivar*, 2006 WL 2884396, at 12 ("If

1 legal fees associated with a RICO lawsuit itself could constitute the RICO injury, the injury
2 requirement would cease to have any meaning.").

3   Accordingly, it is HEREBY ORDERED that the "RICO Defendants" shall file
4 supplemental brief on this issue that shall not exceed seven pages by no later than August 16,
5 2013.  Cobb shall file supplemental opposition briefs and, if he chooses, may file a single
6 opposition that responds to all arguments, by no later than August 30, 2013.  Defendants may
7 file reply briefs by no later than September 6, 2013.

8   If the Court finds that the motions are suitable for disposition without oral argument, it
9 shall notify the parties in advance of the hearing date.  The Court HEREBY ADVISES Cobb
10 that a Handbook for Pro Se Litigants, which contains helpful information about proceeding
11 without an attorney, is available through the Court's website or in the Clerk's office.  The Court
12 also advises Cobbthat he may wish to seek assistance from the Legal Help Center.  Cobb may
13 call the Legal Help Center at 415-782-8982 or sign up on the 15th Floor of the Courthouse,
14 Room 2796, for a free appointment with an attorney who may be able to provide basic legal
15 help, but not legal representation.

16 **IT IS SO ORDERED.**

17 Dated: August 5, 2013

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3